No. 4030.—STATE ex rel. SIMONDS v. JUDGE OF THE SIXTH DISTRICT COURT.

A third party, whose property has been taken out of his possession by a proceeding under a judgment for a less amount than five hundred dollars, has the right to appeal, if the amount of property taken is above five hundred dollars; and in case the judge *a quo* refuses the appeal, a mandamus will issue from the Supreme Court, on the application of such third party, directing the judge *a-quo* to grant the appeal.

APPLICATION for writ of mandamus. *Bentinck Egan*, for relator; *W. H. Cooley*, Judge of the Sixth District Court of the parish of Orleans, respondent.

HOWE, J. Choppin, a judgment creditor of Wilson for $175, issued execution and seized the alleged interest of his debtor in the firm of J. S. Simonds & Co. He then filed a petition, to which he made Simonds and the firm parties, in which he alleged that Wilson was a partner in the firm, that the seizure of his interest operated a dissolution, and that a liquidation of the firm was necessary; and he asked for the appointment of a receiver. A receiver was appointed, to whom the assets of the firm were to be turned over. Simonds having departed this life, his administratrix, within the legal delay, applied for an appeal, which was refused on the ground, as stated in the respondent's answer, that the amount in dispute was only the $175 due by Wilson to Choppin.

We think the judge erred. The matter in dispute is not the amount of the debt due by Wilson to Choppin. The defendant Wilson is not arresting the judgment. The firm of Simonds & Co. and Simonds's estate are not in the position of the garnishees in Gustine v. The New Orleans Oil Company, 13 An. 510, cited by respondent. The matter in dispute is the possession and control of the whole assets of the firm of Simonds & Co. The question is whether they shall be turned over to a receiver or not, and it appears they amount to over $1000.

In Gustine's case the court admitted that an appeal would lie " where a third person in possession of property finds himself deprived of it by the unlawful action of the sheriff" in seizing it. And so in the case of Mills, 12 An. 48, it was held that the value of property seized under execution, the sale of which is enjoined by a third person claiming to be owner, and not the amount of the writ, determines the right of appeal. The same was held in Gogreve v. Windhorst, 21 An. 296, and a similar doctrine in the Succession of Rennebey, 15 An. 661.

The same principle governs this case. A judgment is rendered directing the transfer to a receiver of the assets of a firm. The administratrix alleging herself to be in possession and control of these assets; that Wilson has no interest in them, and that her interest in them exceeds $500, declares this judgment erroneous and irreparably injurious, and claims an appeal. She seems to have a constitutional right thereto, for, if the judgment be erroneous, she will be unlawfully deprived of property exceeding $500 in value.

It is ordered that the mandamus heretofore issued be made peremptory.